IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WEATHERLY STUTSON | ) |
| | ) |
| v. | ) CV. NO. 98-CO-8050-S |
| | ) CR. NO. 93-CO-152-S |
| UNITED STATES OF AMERICA | ) |

MEMORANDUM OF DECISION

In August 1993 a superseding indictment returned by the grand jury for the Northern District of Alabama charged Weatherly Stutson and her son, Anthony Leo Stutson, with maintaining and directing a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848. (Doc. #67, count one). In addition, Weatherly Stutson was charged with eleven counts of discrete violations of Title 21 U.S.C. § 841, the possession with the intent to distribute quantities of cocaine. ( *Id*., counts thirteen through twenty-three). Weatherly and Anthony were also charged with nine separate violations of 21 U.S.C. § 843(b) for using communication devices to facilitate drug transactions. Following an eight week trial, Weatherly and Anthony Leo Stutson were convicted on the CCE count, count two of the indictment which alleged a conspiracy, in addition to the substantive distribution counts,[1] eight of the nine § 843 counts and money laundering in violation of 18 U.S.C. § 1956. In a separate proceeding the government successfully caused to be forfeited vehicles, jewelry and real property alleged in the indictment to have been proceeds from illegal drug activity. The initial indictment charged sixteen defendants, thirteen of whom went to trial and were convicted. Many of the defendants were family members of Weatherly Stutson who was alleged in the indictment and at sentencing to be the leader of the enterprise. In an unpublished opinion, the Eleventh Circuit Court of Appeals affirmed Ms. Stutson's CCE conviction,

---

[1]  Weatherly Stutson was convicted of all eleven counts. Anthony Leo Stutson was convicted of all nine counts in which he was charged.

vacated the 21 U.S.C. § 846 conspiracy conviction and affirmed each substantive count in addition to the money laundering conviction. The mandate issued on January 8, 1998.

THE 2255 CLAIMS

Ms. Stutson's claims are not set out in a single motion or pleading but, rather, are presented in a hodge-podge of papers, many of which are simply irrelevant to her conviction and sentence. Ms. Stutson's "initial" petition contends that she received (1) "ineffective assistance of counsel" because counsel "did not fight the government's allegations of perjury to the grand jury;" (2) ineffective assistance of counsel at sentencing in that counsel did not "fully inform the defendant of the significance of the presentence report..." and because she did not correct erroneous information and (3) that the government violated Article 1, Section 9 of Clause 3 of the Constitution for "enhancing her sentence for the use of a firearm "which she did not possess, own, use, display, attempt to fire, nor was it proven that she had anything to do with it" and (4) that her conviction was obtained by use of a "coerced confession."[2] In a pleading captioned as a "motion for leave of court to supplement" (doc. #1014), Ms. Stutson contends that she was denied a fair trial because the government offered witnesses a "thing of value." (Doc. #1014). After numerous motions to extend time in which to file opposition to the government's response (see e.g. docs. #1101/1098, #1085/1084) Ms. Stutson submitted what she styled as a "traverse" in which she purports to raise a challenge to her 21 U.S.C. § 848 conviction predicated upon *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). (Doc. #1104). A pleading captioned Motion to Adopt by Reference and a "Motion and Traverse to the

---

[2]/ The claim is amplified to read "The court used hearsay evidence to convict defendant, on the testimony of drug addicts, who are also pushers, all were given something in exchange for their testimony by the government, this coerced confessions on the part of the witnesses who were all drug users was prejudicial to me and caused the jury to find me guilty without any other proof." (See doc. #987).

Government's Reply (docs. #1030 and #1031), though twenty-eight pages in length, raised but a single claim, that is, an alleged "*Singleton*" error.

In a pleading identified as a "Supplemental and Amended Motion in Traverse to Government's Response to Movant's Habeas Corpus Motion" filed more than one year after the issuance of the mandate, Ms. Stutson alleged that her 21 U.S.C. § 848 conviction was invalid because the government had failed to allege which "subsection" of § 848 under which she was charged.[3] The claim also averred that the government failed to prove that the defendant acted in concert with five or more persons. Ms. Stutson also refers to what she refers as a "specific unanimity instruction" which the district court purportedly failed to give. (Doc. #1037, p. 9). In the same pleading Ms. Stutson once again challenges the credibility of the witnesses offering testimony at trial. Ms. Stutson's substantive claims are addressed below.[4] Where necessary, the government's contention that certain claims are procedurally barred are also addressed.

"The *Singleton* Error"

Ms. Stutson's first claim is predicated upon a holding of a Tenth Circuit panel in *United States v. Singleton*, 144 F.3d 1343 (10th Cir. 1998). In *Singleton 1* a panel of the Tenth Circuit concluded that the government's practice of offering co-conspirators reduced sentences in exchange for testimony violated 18 U.S.C. § 201 because the sentence reduction was a "thing of value" to induce testimony. The Tenth Circuit sitting *en banc* reversed the *Singleton* decision shortly after it was entered. *United States v. Singleton*, 165 F.3d 1297 (10th Cir. 1999). The Eleventh Circuit unequivocally the rejected the

---

[3]/ While ultimately unavailing aspects of the claim are facially frivolous for reasons set forth below.

[4]/ This action was reassigned to the undersigned having previously been on the docket of United States District Judge Edwin L. Nelson. The court file in this action consists of nineteen (19) volumes. There are twenty-three volumes of expandable folders containing the trial transcript, hearing transcripts, sentencing transcripts and re-sentencing transcripts.

*Singleton* premise, 18 U.S.C. § 201(c)(2) is violated with the practice of offering reduced sentences in exchange for testimony. *United States v. Lowery*, 166 F.3d 1119 (11th Cir. 1999). Ms. Stutson's "petition" alludes to but does not specifically indicate that her attorney was "ineffective" for failing to raise the "*Singleton*" error. Initially at the time of the trial in Ms. Stutson's case the law of the Eleventh Circuit was unequivocal that § 201(c)(2) had been awarding benefits for false testimony. *United States v. Moody*, 997 F.2d 1470, 1475 (11th Cir. 1992). The panel opinion rationale in *Singleton 1* was expressly rejected by both the Tenth Circuit and the Eleventh Circuit. In light of the prevailing law at the time of the Ms. Stutson's trial, the subsequent disposition of the "*Singleton*" issue as a matter of law, counsel's representation was neither objectively unreasonable nor did Ms. Stutson suffer any prejudice. Ms. Stutson is not entitled to relief on this claim.

"The Perjury" Claim

Ms. Stutson contends that her attorney violated the Sixth Amendment obligations of effective counsel by failing "to fight the government's allegations of perjury to the grand jury."[5] The district court imposed a sentence enhancement under the § 841 counts for obstruction of justice finding that Ms. Stutson had presented false testimony in depositions, presented fraudulent documents, concealed evidence and made threats concerning both witnesses and investigating agents. U.S.S.G. 3(C)(1)1.1 authorizes a two level increase if:

>   (A)   The defendant wilfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of investigation, prosecution, or sentencing of the instant offense of conviction, and

---

[5]   The claim is factually without merit. Ms. Stutson's alleges George Andrews vigorously argued against the two level increase. (Doc. #870, pp.20-24; doc. #749 Weatherly Stutson's objection to the pre-sentence report, ¶ 3).

   (B)  The obstructive conduct related to
      (i) the defendant's offense of conviction and any relevant conduct or

      (ii) a closely related offense.

The finding was affirmed on appeal. Counsel was not ineffective. He made strenuous objects to the enhancement.

Ineffective Assistance of Counsel "Failure to Fully Inform
<u>Defendant of the Significance of Presentence Report"</u>

  As noted above, Mr. Andrews filed written objections to the presentence investigation reports (doc. #749). He argued that there was insufficient evidence for the jury to conclude that there was in excess of 150 kilograms of cocaine and 5 kilograms of crack cocaine. He argued that a two level upward adjustment to the base offense level for the alleged possession of a firearm by a co-conspirator was improper. He argued adamantly against a two level adjustment in the base offense level on grounds that Ms. Stutson had obstructed justice. Mr. Andrews specifically objected to the dollar value in the money laundering transactions. He contended that the total offense level was much lower than the level 48 proposed by the probation office. He also challenged the computation of Ms. Stutson's criminal history. Mr. Andrews vigorously opposed virtually every calculation recommended by the United States Probation Office in the presentence report. Ms. Stutson does not identify in her papers what "erroneous information" could have been corrected. She does allude to the testimony of co-conspirators arguing that that testimony was unreliable. The jury decided that issue in favor of the government and adversely to Ms. Stutson.

In an affidavit attached to the government's response, (doc. #1020), Mr. Andrews stated that he had thoroughly reviewed the presentence report with Ms. Stutson before filing his objections.[6] Ms. Stutson's counsel was not ineffective as a matter of law.

The Firearms' Adjustment

Ms. Stutson avers that she did not possess a firearm and could not be charged with a two level upward adjustment for use of a firearm in the commission of a drug offense. The district court specifically reviewed the trial evidence and found that the use of firearms to recover 10 kilograms of cocaine allegedly stolen from Ms. Stutson's associate was foreseeable. The court recounted testimony of a December 28th shoot-out between those who had stolen the cocaine and Anthony Stutson and Donnerell Warren confederates and associates of Ms. Stutson. At the time of the sentencing, a two level upward adjustment for possession of a firearm during the commission of a drug offense was appropriate when a firearm was used as a part of the conspiracy even though the defendant was not in actual possession. *United States v. Martinez*, 924 F.2d 209 (11th Cir. 1991); *United States v. Luiz*, 102 F.3d 466 (11th Cir. 1996). Because Ms. Stutson met the requirements for the adjustment at U.S.S.G. 2D1.1(b)(1), counsel was not ineffective in failing to prevent the adjustment. Moreover, the record clearly establishes that counsel vigorously challenged the adjustment.

"Coerced Confessions"

Ms. Stutson asserts that in using drug addicts and drug dealers as witnesses the government coerced of improperly induced their testimony. The claim appears to relate to the *Singleton* error allegation addressed above. There is simply no evidence in the record that a co-conspirator or witness

---

[6] "The defendant was fully aware of the significance of the report and that under the terms of the report she was to receive a mandatory life sentence without parole." (Andrews' affidavit, doc. #1020, exhibit 3). Ms. Stutson has never provided a factual challenge to the affidavit.

6

was "coerced." Each testifying witness was subject to vigorous cross-examination by counsel for each of the thirteen defendants. The cooperation agreements between the government and the witnesses were clearly revealed to the jury.

Untimely Claims Related to the 21 U.S.C. § 848 Conviction

In a pleading styled as a Supplement and Amended Motion and Traverse filed more than a year after her conviction became final, Ms. Stutson avers that the § 848 conviction was void because (1) the government failed to identify which "subsection" under which she was charged, (2) the government failed to satisfy its burden of proof that the petitioner was a principal and organizer, (3) that the jury verdict was not "unanimous" with respect to violations of 21 U.S.C. § 841.

The petitioner misperceives the statutory function of subsections (a) through (e). These cited subsections merely identify relevant aspects of the underlying offense and do not constitute separate or individual "charges." Moreover, many aspects of the claim are simply frivolous. For example, Ms. Stutson argues that had she been "charged" under § 848(a) she could have filed a bill of particulars requesting a list of the targeted properties for forfeiture because of its use in a drug distribution entity. (Doc. #1037, p.5). The superseding indictment in Ms. Stutson's case identified in more than thirty separate paragraphs the personal property, jewelry, automobiles, and real property subject to forfeiture upon conviction.

Ms. Stutson's assertion that the jury was required to determine the identity of the co-conspirators and the value of the enterprise "unanimously" is simply wrong as a matter of law. In *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999) the Supreme Court expressly exempted the provisions of 21 U.S.C. § 848(c)(2)(A), [the identity of five other persons], § 848(c)(2)(B) [the statutory element of "substantial income" and the defendant's role in a criminal organization], §

848(c)(2)(A) from the unanimity requirement. The Supreme Court held in *Richardson*, however, that a defendant is entitled to a jury determination that the charged defendant has committed three or more "violations" of 21 U.S.C. § 841. The Supreme Court also concluded that *Richardson* was retroactive. Assuming, without deciding, that the language in Ms. Stutson's numerous pleadings alludes to "*Richardson*" claim, she is not entitled to relief.

In *Richardson* the Supreme Court considered the validity of a jury charge approved in the Seventh Circuit with respect to continuing criminal enterprise cases which informed jurors that they "must unanimously agree that the defendant committed at least three federal narcotics offenses" while adding, "you do not ... have to agree as to the particular three or more federal narcotics offenses committed by the defendant." The indictment in *Richardson* consisted of only two counts, count two of which charged CCE by stating:

> "1.  From in or about 1984 ... Eddie Richardson ... did engage in a continuing criminal enterprise by committing a continuing series of felony violations of § 841(a) of Title 21,
>
> 2.  The continuing series of violations undertaken by the defendant [ ] *Richardson* include
>
>> a.  From in or about 1984 through October 1991 ... *Richardson* ... knowingly and intentionally repeatedly distributed and caused to be distributed cocaine and cocaine base...
>>
>> b.  From in or about 1984 through and including October 1991 ... *Richardson* ... knowingly and intentionally repeatedly distributed and caused to be distributed ....

*Richardson*, 526 U.S. at 825, 119 S.Ct. at 1714.

No specific allegations of violations of § 841 were set out in the charging instrument.

The *Richardson* Court concluded that it "... must decide whether the statutes phrase 'series of violations' refers to one element, namely a 'series,' in respect to which the 'violations' constitute the

underlying brute facts or means, or whether those words create several elements, namely the several 'violations,' in respect to *each* of which the jury must agree unanimously and separately. " *Richardson*, 526 U.S. at 815, 119 S.Ct. 1709. (emphasis in the original). The Supreme Court stated that "[... we] conclude that the statute requires unanimity in respect to the individual 'violation.' We leave to the Court of Appeals the question whether to engage in harmless-error, and if so, whether the error was harmless in this case." *Id*. at 823, 713. While Ms. Stutson has defined her claim in both substantive terms and as a claim of ineffective assistance of counsel, and argued the retroactivity of *Richardson* in light of *Teague v. Lane*, the exercise is unnecessary in that there is simply no *Richardson* error in the record. At its core the holding of the Supreme Court in *Richardson* was the unremarkable conclusion that if the government alleges that substantive violations of law occurred as part of a continuing criminal enterprise, the jury must unanimously agree that at least three such violations occurred. In Ms. Stutson's case, unlike *Richardson*, the government specifically alleged in count one that:

> From between the early 1980's and the July, 1993
>
> WEALTHY STUTSON
>
> ...
>
> ANTHONY STUTSON
>
> did unlawfully, knowingly, and intentionally engage in a continuing criminal enterprise that the defendants WEALTHY STUTSON; ...; and ANTHONY STUTSON did
>
> 1. Unlawfully, knowingly and intentional violate felony provisions of Title 21, United States Code, <u>including but not limited to count two and counts 13 through 32</u> of the herein indictment, relating to: (emphasis added)
>
>> A. Conspiracy to possess with the intent to distribute and distribution of cocaine...
>>
>> B. Unlawful, knowing and intentional distribution of cocaine...

> C. Unlawful, knowing, and intentional use of a communication facility to facilitate the conspiracy to possess with the intent to distribute and possess with the intent to manufacture and manufacturing crack cocaine.
>
> 2. Undertake such series of violations in concert with five or more other persons with respect to whom Weatherly Stutson * * *; and Anthony Stutson did occupy a position of an organizer, supervisor and a manager; and
>
> 3. Obtain substantial income and resources from such series of violations.

(Superseding indictment, doc. #67, pp.1-3)).

Unlike the indictment in *Richardson*, Anthony and [Wealthy] Weatherly were alleged to have committed specific discrete felony offenses including conspiracy, possession with the intent to distribute drugs in violation of 21 U.S.C. § 841.  The jury found consistent with the trial court's instruction, that the defendant was guilty of eleven felony violations of Title 21 U.S.C. § 841.[7]  Also consistent with the instructions of the district court the jury considered each defendant separately.  Each of the counts thirteen through twenty-three expressly alleged discrete violations of Title 21 U.S.C. § 841 within separate, specific time periods or on specific days.  In individual verdict forms the defendants Wealthy (Weatherly) and Anthony Leo Stutson were convicted on

| | |
|---|---|
| count one: | Weatherly Stutson (doc. #596), Anthony Stutson (doc. #597) |
| count thirteen: | Weatherly Stutson (doc. #620), Anthony Stutson (doc. #622) |
| count fourteen: | Weatherly Stutson (doc. #623), Anthony Stutson (doc. #625) |
| count fifteen: | Weatherly Stutson (doc. #626), Anthony Stutson (doc. #628) |
| count sixteen: | Weatherly Stutson (doc. #629), Anthony Stutson (doc. #631) |

---

[7]  Weatherly Stutson was convicted of eleven such counts. (Counts 22 and 23).

| | |
|---|---|
| count seventeen: | Weatherly Stutson (doc. #632), Anthony Stutson (doc. #634) |
| count eighteen: | Weatherly Stutson (doc. #635), Anthony Stutson (doc. #637) |
| count nineteen: | Weatherly Stutson (doc. #638), Anthony Stutson (doc. #640) |
| count twenty: | Weatherly Stutson (doc. #641), Anthony Stutson (doc. #643) |
| count twenty-one: | Weatherly Stutson (doc. #644), Anthony Stutson (doc. #646) |

The indictment and the court's charge required the jury to find "violations" of Title § 841 as set out in counts two and thirteen through twenty-two as specific predicates to a conviction on count one. There is simply no *Richardson* claim cognizable in Ms. Stutson's petition.

Moreover, when evaluating presumptively correct convictions on collateral habeas review, the harmless error inquiry for errors of constitutional dimension is "whether the error 'had substantial and injurious effect or influence in the jury's determining verdict.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). Where the jury convicts the defendant of no less than eleven substantive counts of cocaine distribution and a count of conspiracy to distribute cocaine it is clear that the jury unanimously agreed beyond a reasonable doubt that the defendant committed at least twelve major federal drug laws, any three of which are sufficient to establish the "continuing series of violations" under *Richardson* and § 848. The Eleventh Circuit has specifically held that the *Brecht* harmless error standard is appropriate for a federal court collateral review. In *Ross v. United States*, 289 F.3d 677 (11th Cir. 2002) the Eleventh Circuit determined that two conspiracy convictions "made up two of the three controlled substance offenses necessary to sustain [a] CCE conviction." The court went on to note that even in the <u>absence</u> of a third connected conviction in the trial "having conducted a close review of the record, we cannot conclude that the absence of a *Richardson* instruction had a substantial and injurious

affect on the jury's verdict in the CCE charge. [It] [had] no doubt that the jury would have unanimously concluded that *Ross* committed a third connected controlled substance offense had a *Richardson* unanimity instruction been given." *Ross*, 289 F.3d at 682. *Ross* clearly supports the proposition that there is no *Richardson* error in Ms. Stutson's case in light of the indictment and the court's charge and the jury verdict forms employed in the Stutson trial. Ms. Stutson was convicted of eleven violations of 21 U.S.C. § 841. *Richardson* requires no more. Ms. Stutson is entitled to no relief.

The Sentencing Claims – *Richardson, Apprendi* and *Blakely*

Following the conviction for maintaining and operating a continuing criminal enterprise, Ms. Stutson was sentenced to a term of life imprisonment pursuant to the provisions of 21 U.S.C. § 848(b).[8] Ms. Stutson was also sentenced to a term of life imprisonment on counts thirteen through twenty-three which charged possession with the intent to distribute controlled substances.

Ms. Stutson expressly did not challenge the calculation of the guidelines nor the method by which the attribution of 36 kilograms of cocaine was determined. The district court's findings were supported not only by government evidence of the conspiracy but by the eleven substantive counts for which she was convicted. Ms. Stutson's conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals. After her 2255 petition was filed she attempted to belated assert an "*Apprendi*" and, later, a "*Blakely*" claim. Neither *Apprendi* nor *Blakely* are retroactive. As the government correctly argued, her *Apprendi* and *Blakely* claims do not relate back even to her initial § 2255 petition. See *United States v. Duncan*, ___ F.3d ___, 2005 W.L. 428414 (11th Cir. 2005).

---

[8] The Eleventh Circuit affirmed both the attribution of drugs to Ms. Stutson and the life sentence imposed under the CCE count.

In *McCoy v. United States*, 266 F.3d 1245, 1247 (11th Cir. 2001), *cert. denied,* ____ U.S. ____, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002) the Eleventh Circuit Court of Appeals held that, under *Teague v. Lane*, 489 U.S. 288 (1989) *Apprendi* does not apply retroactively to cases in which the conviction became final before the *Apprendi* decision was released on June 26, 2000. See *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001); *Hamm v. United States*, 269 F.3d 1247 (2001), *cert. denied,* ____ U.S. ____, 122 S.Ct. 2375, 153 L.Ed.2d 194 (2002); *Kaufmann v. United States*, 282 F.3d 1336 (2002), ____ U.S. ____, 123 S.Ct. 287, 154 L.Ed.2d 127 (2002). The *Teague* bar applies even where, as here, the movant is bringing her first § 2255 motion. *Id*. Further, "the *Teague* bar applies without regard to the merits of the underlying claim." *Hamm*, 269 F.3d at 1250. Because petitioner's conviction became final no later than January 7, 1998 when the appellate court issued the mandate affirming Ms. Stutson's conviction and sentence, see *Hamm v. United States*, 269 F.3d at 1249, and, therefore, was final prior to the June 26, 2000 *Apprendi* decision, *Apprendi* does not apply retroactively to Ms. Stutson's claims. In the Sixth Amendment context, *Apprendi* could not have been anticipated in light of Eleventh Circuit precedent. *United States v. Sanchez*, 269 F.3d 1250, 1280 (11th Cir. 2001).[9]

After consideration of the petition, the positions of the parties and the applicable law, Ms. Stutson's motion for relief pursuant to 28 U.S.C. § 2255 is due to be and the same is hereby DENIED in its entirety.

---

[9] Prior to *Blakely*, the Circuit Courts of Appeals unanimously rejected the application of *Apprendi* to guideline factors, concluding that a guideline factor unrelated to statutory maximums need not be submitted to a jury. *United States v. Baltas*, 236 F.3d 27, 40-41 (1st Cir. 2001); *United States v. Williams*, 235 F.3d 858, 863-64 (3d Cir. 2000); *United States v. Angle*, 255 F.3d 514, 519 (4th Cir. 2001); *United States v. Doggett*, 230 F.3d 160, 164-65 (5th Cir. 2000); *United States v. Corrado*, 227 F.3d 528, 542 (6th Cir. 2000); *United States v. Nance*, 236 F.3d 820, 826 (7th Cir. 2000); *United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir. 2000); *United States v. Hernandez-Guardado*, 228 F.3d, 1017, 1026-27 (9th Cir. 2000); *United States v. Heckard*, 238 F.3d 1235-36 (10th Cir. 2001); *United States v. Nealy*, 232 F.3d 825, 829 n.3 (11th Cir. 2000).

Done this 31st day of March 2005.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153