IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WEATHERLY STUTSON | ) |
| | ) |
| v. | ) CV. NO. 98-CO-8050-S |
| | ) CR. NO. 93-CO-152-S |
| | ) CV. NO. 07-H-611-S |
| UNITED STATES OF AMERICA | ) |

MEMORANDUM OF OPINION

This is Ms. Stutson's fourth (see docs # 1, 10, 12, and 23 in CV98-CO-8050-S), or arguably fifth (see doc. #13), attempt to challenge the validity of her conviction and sentence. The first § 2255 Motion to Vacate (doc. #1) was denied on March 31, 2005 (doc. #2), and the Eleventh Circuit Court of Appeals denied the motion for certificate of appealability (doc. # 9). Ms. Stutson has labeled her latest challenge to her conviction as "Petitioner's Habeas Corpus Petition Pursuant to the Original Habeas Corpus, and Request for Dismissal of Indictment and Conviction and Request for Declaratory Judgment." The current petition/motion was filed in the previous § 2255 file (CV98-CO-8050-S) as well as in a new case pursuant to 28 U.S.C. § 2241 (CV07-H-611-S). Despite her attempt to proceed "pursuant to the original habeas corpus" and despite her statement that this is not a motion or petition pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241, this challenge is nevertheless an unauthorized second (or fourth or fifth) successive motion. Section 2255 provides in pertinent part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Ms. Stutson has not moved for such an order authorizing this court to consider a second or successive motion, and, not surprisingly, the Eleventh Circuit has not entered such an order.

In *Burton v. Stewart*, __ U.S. __, 127 S.Ct. 793, 796, 166 L.Ed.2d 628, (2007), the United States Supreme Court held in the § 2254 context that because a state prisoner did not receive authorization from the Court of Appeals before filing his second challenge, "the district court was without jurisdiction to entertain it." In *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003), the Eleventh Circuit held in the § 2255 context:

> Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th Cir.1997). Because Farris did not have authorization from this Court before filing his Rule 60(b) motion, the district court did not err in denying his motion as an unauthorized successive § 2255 motion.

Ms. Stutson cites to *United States Constitution*, Article I, § 9, Clause 2 which provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." In *Medberry v. Crosby,* 351 F.3d 1049, 1058 (11th Cir. 2003), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004), the Eleventh Circuit

recognized that "there are two distinct means of securing post-conviction relief in the federal courts: an application for a writ of habeas corpus (governed by, inter alia, §§ 2241 and 2254) and a motion to vacate a sentence (governed by § 2255)." The validity of a federal sentence may be collaterally attacked by filing a petition under 28 U.S.C. § 2255; however, under what is referred to as the "savings clause" of § 2255, a federal prisoner may challenge his federal sentence by filing a § 2241 petition if § 2255 relief would be inadequate or ineffective. *Sawyer v. Holder,* 326 F.3d 1363, 1365 (11th Cir. 2003), *cert. denied*, 540 U.S. 900, 124 S.Ct. 258, 157 L.Ed.2d 181 (2003). In *Collazo v. United States*, 190 Fed.Appx. 759, 761, 2006 WL 1818582 (11th Cir. 2006), the Eleventh Circuit discussed whether the Savings Clause violated the Suspension Clause and concluded that it did not:

> Under the Suspension Clause, the "writ as it existed in 1789" is a constitutional floor, below which Congress cannot restrict the writ of habeas corpus. *See INS v. St. Cyr,* 533 U.S. 289, 300-01, 121 S.Ct. 2271, 2279-80, 150 L.Ed.2d 347 (2001) ("[A]t the absolute minimum, the Suspension Clause protects the writ as it existed in 1789." (quotation marks and citation omitted)). **However, Congress can, and has, altered the writ since 1789.** *See Felker v. Turpin,* 518 U.S. 651, 663-64, 116 S.Ct. 2333, 2339-40, 135 L.Ed.2d 827 (1996) (discussing history of the writ); *see also Medberry v. Crosby,* 351 F.3d 1049, 1057 (11th Cir.2003) (noting that the savings clause "avoided any serious question about whether ... § 2255 caused an unconstitutional suspension of the writ."); *Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 1230, 51 L.Ed.2d 411 (1977) (stating that District of Columbia legislation patterned after § 2255 did not violate the Suspension Clause because "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus"). **Moreover, the remedy created in § 2255 is "the exact equivalent of the pre-existing habeas corpus remedy**." *Swain,* 430 U.S. at 381, 97 S.Ct. at 1230.

(Emphasis added). *See also, Hill v. United States,* 368 U.S. 424, 427-428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)("[i]t conclusively appears from the historic context in which § 2255 was enacted

3

that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined.")  Thus, § 2255 and its Savings Clause do not violate the Suspension Clause.  Further, neither the one-year limitations period for filing an initial habeas corpus petition nor the Anti-Terrorism and Effective Death Penalty Act's restriction on successive petitions amounts to suspension of the writ. *See Collazo, supra, n. 5,   citing Wyzykowski v. Dep't of Corr.,* 226 F.3d 1213, 1217 (11th Cir.2000).

A  federal prisoner may not circumvent the restriction on second or successive § 2255 motions by filing the action pursuant to 28 U.S.C. § 2241,  *Wofford v. Scott,* 177 F.3d 1236, 1245 (11th Cir. 1999)  or by filing a Rule 60(b) motion, *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Likewise, the restriction on second or successive petitions should not be circumvented by filing the action pursuant to the constitutional writ of habeas corpus which has clearly been codified by 28 U.S.C. § § 2241, 2254, and 2255.

Regardless of how Ms. Stutson characterizes the petition, it is actually a  § 2255 motion and, as such, is subject to the second or successive petition restriction.  She relies on *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) in arguing  that it is inappropriate for the court to recharacterize the motion.  Her reliance is misplaced.  In *Castro*, the Court stated:

> [T]he court cannot so recharacterize a *pro se* litigant's motion as the litigant's **first** § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. Where these things

>       are not done, a recharacterized motion will not count as a § 2255
>       motion for purposes of applying § 2255's "second or successive"
>       provision.

*Castro*, 540 U.S. at 377, 124 S.Ct. at 789 (Emphasis added.)

The case presently before this court is distinguishable from *Castro* because this is not Ms. Stutson's first § 2255. Her first § 2255 motion (doc. #1 in CV98-CO-8050-S) was characterized by her as a § 2255 motion and was addressed on the merits as a § 2255. Because Ms. Stutson did not receive authorization from the Eleventh Circuit Court of Appeals before filing this § 2255 motion, the motion is due to be DISMISSED based on this court's lack of jurisdiction to consider her second or successive motion.

Ms. Stutson has requested that "[i]f the court declares it does not have jurisdiction, Petitioner requests that the Petition be immediately transferred to the court of jurisdiction." This court cannot "transfer" jurisdiction which is lacking due to her failure to receive prior authorization from the Eleventh Circuit. Ms. Stutson may either appeal today's order to the United States Court of Appeals for the Eleventh Circuit or she may seek authorization from that Court to file a new § 2255 motion in this court. Ms. Stutson has previously been informed of the futility of filing additional motions seeking to invalidate her conviction and sentence in the absence of prior authorization by the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion.

Based on the foregoing, this motion is due to be dismissed for lack of jurisdiction. A separate order consistent with this Memorandum of Opinion will be entered simultaneously herewith.

Done this <u>26th</u> day of <u>April 2007</u>.

                                                      L. SCOTT COOGLER
                                      UNITED STATES DISTRICT JUDGE
                                                         124153